IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-03046-01-CR-S-BP |
| | ) | |
| JAMES D. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION

Before the Court is Defendant's Motion for Extension of Time to File Motion to Suppress Evidence (the "Motion"). (Doc. 226.) The Government has filed Suggestions in Opposition (doc. 234) and Defendant submitted a reply brief (doc. 240). In accordance with Local Rule 72.1, this action was referred to the undersigned to prepare a report on all motions to suppress. As follows, it is **RECOMMENDED** that the Motion be **DENIED**.

### I. Background

On March 8, 2021, Defendant filed a motion to suppress, seeking to exclude "all wire and oral communications in which Defendants and any other person participated in or which Defendants were referred to directly or indirectly, including but not limited to the Government's interception of all telephone calls occurring on telephone numbers 417-370-2306 (20-WT-0001-MDH), 424-202-4747, and 832-349-0357 (20-WT-0002-MDH), and all evidence derived from the information obtained from said electronically intercepted communications, including but not limited to wiretaps and trap and trace for the above-listed telephone numbers, which have been in any manner used in obtaining the Indictment against the Defendant." [1] (Doc. 227.) On the same

---

[1] The motion to suppress was untimely and was filed without leave to do so. Accordingly, it was denied without prejudice. (Doc. 230.)

date, Defendant filed the Motion at issue, seeking leave to file the aforementioned motion to suppress out of time. In the Motion, defense counsel Kristin Jones states, "[a]fter review of the discovery and speaking with Defendant, [c]ounsel believes a Motion to Suppress should be filed," noting that the delay in filing the motion "was due to the volume of discovery and [] additional research needed." (Doc. 226.) Ms. Jones further asserts that "Defendant would be severely prejudiced if a Motion to Suppress was not filed on his behalf." *Id.* The Government responds that Defendant has demonstrated neither cause nor prejudice for filing his motion to suppress out of time. (Doc. 234 at 4.) On April 15, 2021, the undersigned conducted a hearing on the Motion. (Doc. 243.) The Government appeared by Assistant United States Attorney Jessica Sarff, and Defendant appeared in person with Ms. Jones. *Id.*

**II.     Findings**

On April 20, 2020, a criminal complaint was filed against Defendant for possession, with intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl. (Doc. 1.) The next day, Ms. Jones was appointed to represent Defendant. (Doc. 2.) On June 10, 2020, Defendant was charged by a six-count Indictment with conspiracy to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; conspiracy to engage in a monetary transaction with proceeds derived from unlawful activity; engaging in a monetary transaction with proceeds derived from unlawful activity; possession, with intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon. (Doc. 9.)

On June 29, 2020, Defendant appeared for arraignment and the Court issued a Scheduling and Trial Order, which stated "[o]n or before twenty days from the date of this order, the parties shall file any relevant pretrial motions." (Doc. 93 at 7.) Accordingly, the deadline for any relevant pretrial motions, including motions to suppress, was July 20, 2020. Initial discovery, containing the

"bulk of the wiretap documents" and the majority of what is being sought to be suppressed, was made available to Ms. Jones on July 8, 2020. (Docs. 234 at 2 and 247 at 3-4.) On October 21, 2020, Defendant filed a pro se motion to suppress, which was denied five days later as improper because pro se filings will not be accepted from a defendant who is represented by counsel. (Docs. 192, 196). In his pro se motion to suppress, Defendant raised several disjointed constitutional challenges, alleging violations of his sixth amendment right to notice of the charges against him, his fifth amendment right against double jeopardy, and his due process rights. (Doc. 192 at 1.) Specifically, Defendant claimed that there was a "lack of specificity to define [the] actual amount of fentanyl," that the "act is unconstitutionally vague as applied to [his] case" and that "the evidence presented before the grand jury was insufficient." *Id.* at 4-5. Supplemental discovery was provided to Ms. Jones on November 16, 2020, and December 3, 2020. (Docs. 234 at 2 and 247 at 4.) On March 8, 2021, Defendant filed the Motion at issue, requesting an extension of time to file a motion to suppress out of time, which the undersigned promptly set for hearing. (Doc. 226.)

**II. Hearing**

At the hearing, Ms. Jones confirmed that she received the majority of discovery relevant to the proposed motion to suppress from the Government by July 8, 2020, but argued that the case contained "an enormous amount of discovery." (Doc. 247 at 2-3.) Specifically, she explained that "the original discovery was approximately 2 terabytes," a separate hard drive was required to retrieve the discovery, her notes on the wiretap reports alone was "font size 9, single-spaced . . . and [thirteen] pages long," and "there were two separate wiretaps that involved communications" from Defendant. (Doc. 247 at 2-3.) Ms. Jones further argued that "this is a complex case," although she noted that "practice has evolved" such that defense counsel stopped asking for cases to be declared complex to avoid waiving speedy rights. *Id.* at 3. Ms. Jones contended that additional preparation was necessary because of the voluminous discovery, nonstandard wiretap

3

suppression issues, and her own technological deficiencies dealing with the hours and hours of recordings. *Id.* at 3-4. Ms. Jones also highlighted that Defendant filed a pro se motion to suppress in October 2020, but conceded that "she did not file a motion for an extension of time, even at that point," adding that her practice will be different moving forward "now that [she's] aware of Court's expectations." *Id.* at 4.

### III. Conclusions

Motions for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(C). The court may set a deadline for pretrial motions. Fed. R. Crim. P. 12(c). And, if a party fails to file a pretrial motion by the deadline set by the court, the party waives that issue. Fed. R. Crim. P. 12(e).

However, the court may still consider an untimely pretrial motion "if the party shows good cause." Fed. R. Crim. P. 12(c)(3); *see also United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018). Good cause requires a showing of "both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2018). Good cause is a "flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12(c)(3) advisory committee note to 2014 amendments. The movant bears the burden of showing good cause. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011). Notably, "[t]he desire to suppress incriminating evidence [is] not by [itself] sufficient to establish good cause." *Id.* at 698. Furthermore, a court may deny a pretrial motion in limine as untimely "on the ground that it was an untimely effort to preserve issues that could have been raised in a timely motion to suppress." *Id.* at 697.

The principal reason for Defendant's Motion appears to be the desire to suppress incriminating evidence. But, "[t]he desire to suppress incriminating evidence . . . [is] not by [itself]

4

sufficient to establish good cause." *Trancheff*, 633 F.3d at 698 (emphasis added). The case of *United States v. Salgado-Campos* offers further guidance. In *Salgado-Campos*, counsel for the defendant moved to extend the deadline to file pretrial motions, citing as grounds his desire to file a motion to suppress certain incriminating evidence. *United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006). There, the motion was filed three months after the pretrial motion deadline set by the court, and there "was no showing that the government failed to disclose pertinent information" before the deadline passed. *Id*. at 686. The trial court denied the motion, and the Eighth Circuit affirmed, holding the explanation that counsel's request for an extension came "as soon as he might have been expected to have been apprised of the substantial issues for suppression in the case" failed to show good cause. *Id*.

Upon review, the undersigned finds that Defendant has failed to show cause to grant leave to file an untimely motion to suppress. In this matter, Ms. Jones was appointed as Defendant's counsel on April 21, 2020, and the Government provided the discovery relevant to the wiretap applications to Defendant by July 8, 2020. Despite the availability of the relevant discovery, Defendant chose not to raise this claim by the July 20, 2020 deadline, and he did not request an extension of such deadline. Moreover, Defendant's pro se motion to suppress in October 2020 did not raise the same suppression issues, and Ms. Jones neither filed a motion to suppress at that time nor adopted any issues raised by Defendant's pro se motion. Notably, only approximately five months later, on March 8, 2021, did defense counsel raise the instant Motion, totaling over seven and a half months since the pretrial motions' deadline had passed. As in *Salgado-Campos*, Defendant agrees that the Government disclosed the relevant discovery by July 8, 2020 before the pretrial deadline passed. Even considering the supplemental discovery provided by the Government on December 3, 2020, the Motion was still filed over three months later. Accordingly,

5

with no authorized action regarding the suppression of evidence for over seven months after the pretrial motion deadline, the Court could only assume that there were no suppression issues to be raised, and if there were any, Defendant has waived them.

Defendant argues the instant Motion should be granted because of "the volume of discovery and some additional research needed." However, these reasons do not establish "cause" to justify a seven-month delay in filing the Motion, considering that counsel was appointed in April 2020, was aware discovery was voluminous when initial discovery was provided in July 2020 and made a strategic decision not to request the case be declared complex, so as to preserve Defendant's speedy trial rights. To the extent counsel alleges that she was unaware of the Court's expectations, the Scheduling and Trial Order set forth a clear and unambiguous deadline for pretrial motions, and the Court has the authority to set pretrial deadlines. Fed. R. Crim. P. 12(c); *see also United States v. Smith*, 422 F.3d 715, 725 (8th Cir. 2005) ("[T]he district court has "broad discretion to control the scheduling of events in matters on its docket . . .[and] the scheduling of pretrial deadlines fits squarely into the district court's ability to manage its own docket." (citations omitted)).

Good cause is reviewed based on the interests in a particular case, and here, the request for an extension of time to file a motion to suppress should have been filed in a timely manner. The failure to do so hinders the Court's ability to manage its own docket, and as counsel notes, pending motions in multi-defendant cases stalls the adjudication of the case. (*See* Docs. 240 at 1 and 247 at 7-8.) In fact, the instant case involves eleven defendants, and, pending resolution of Defendant's Motion and a co-defendant's motion, the matter will be set for the next joint criminal jury trial docket and proceed towards resolution. Given the nature of multi-defendant cases and typical delays that prolong final resolution, the undersigned is wary of granting untimely motions for

6

extension of time without cause because additional delays further stall resolution and impede co-defendants' right to a speedy trial.

In summary, good cause requires a movant show "both cause *and* prejudice." *Fogg*, 922 F.3d at 391 (emphasis added). Since the undersigned concludes that Defendant has failed to show cause, the analysis may end here.

### IV.     Recommendation

Based on the foregoing, the undersigned concludes that Defendant has not shown good cause. Therefore, it is **RECOMMENDED** that Defendant's Motion for Extension of Time to File Motion to Suppress Evidence (doc. 226) be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: May 6, 2021