# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 20-03046-01-CR-S-BP |
| | ) | |
| JAMES D. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

Pending is Defendant James D. Collins's Motion for an Extension of Time to File Motion to Suppress Evidence. (Doc. 226.) After a *de novo* review, the Court adopts the Report and Recommendation of Chief United States Magistrate Judge David P. Rush, (Doc. 253), and **DENIES** Defendant's motion.

The Court adopts the Report and Recommendation in its entirety, including both its factual and legal findings; this discussion confirms, rather than supplants, Judge Rush's analysis. A criminal complaint was filed against Defendant on April 20, 2020, (Doc. 1), and he was subsequently indicted for conspiracy to distribute a substance containing fentanyl. (Doc. 9.) Judge Rush appointed Kristin S. Jones to represent Defendant on April 21. (Doc. 2.)

Defendant was arraigned on June 29, 2020. (Doc. 92.) That same day, Judge Rush entered a scheduling order requiring both parties to file any relevant pretrial motions within twenty days. (Doc. 93, p. 7.) Thus, the deadline for Defendant to file a motion to suppress was July 20, 2020. The Government provided initial discovery—including most of what Defendant wishes to suppress—to Jones on July 8. Defendant did not file a motion to suppress before the deadline. In

October 2020, Defendant filed a *pro se* motion to suppress, which the Court denied because Defendant was represented at the time.

On March 8, 2021, Jones filed the instant Motion for an Extension of Time to file a Motion to Suppress on Defendant's behalf. (Doc. 226.) Jones also filed a copy of the Motion to Suppress she wishes to file, (Doc. 227), which alleges that the Government obtained evidence against Defendant through illegal wiretaps. Judge Rush held a hearing on the issue on April 15. (Doc. 247.) At the hearing, Jones explained that the case involved "just an enormous amount of discovery," some of which she had trouble accessing due to "technological difficulties"; she also indicated that the issues involved are unusual and required "research to be able to prepare [the proposed] motion" to suppress. (Doc. 247, pp. 3–4.)

After considering the arguments, Judge Rush issued the Report and Recommendation at issue, in which he recommended denying Defendant's motion. (Doc. 253.) Judge Rush observed that criminal defendants must raise suppression issues in pretrial motion practice, and that the court may set a deadline for such motions. FED. R. CRIM. P. 12(b)–(c). The court may also consider a suppression motion filed after the deadline, but only if the defendant shows both "cause" for his delay, and "prejudice" if the motion is not considered. *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019). Because "[t]he desire to suppress incriminating evidence . . . [is] not by [it]sel[f] sufficient to establish good cause," *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011), Judge Rush found that Defendant had not shown cause for his failure to file the motion to suppress within the deadline.

Defendant has now lodged an objection to the Report and Recommendation. The objection repeats the arguments Defendant made during the hearing—that the "delay in filing the motion . . . was due to the extensive amount of time it took for counsel to review all the evidence," and that

2

"[t]he issues are complex." (Doc. 258, p. 2.) These arguments are simply insufficient to establish good cause. Defendant's attorney was aware of the volume of evidence and the potential complexity of the issues when she received initial discovery from the Government; she could have moved for an extension at that point, but chose not to. Defendant's motion amounts to a "desire to suppress incriminating evidence," which is not enough to establish cause. Therefore, the Court adopts the Report and Recommendation of Judge Rush and **DENIES** Defendant's Motion for an Extension of Time. (Doc. 226.)

**IT IS SO ORDERED.**

DATE: June 9, 2021

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT